IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| M,A, YAH, | ) | 8:07CV272 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BRIAN ENNIS, of the U.S. | ) | |
| Marshalls, and UNITED STATES | ) | |
| MARSHALLS SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on July 17, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  INITIAL REVIEW OF COMPLAINT

### A.  Summary of Complaint

Plaintiff filed his Complaint in this matter on July 17, 2007 against two Defendants, Brian Ennis ("Ennis") and the United States Marshals Service. (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff does not specify in which capacity Ennis is sued. Therefore, the court presumes that Ennis is sued only in his official capacity. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (requiring that, to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

Condensed and summarized, Plaintiff's allegations relate to the transport of his personal property when he was moved by the United States Marshals Service from

Sarpy County, Nebraska to a federal facility in Leavenworth, Kansas. (*Id.* at CM/ECF pp. 2-3.) Plaintiff alleges that he had "legal documents, stories he wrote, personal letters and family photos" all of which he requested be transported with him to Leavenworth. (*Id.* at CM/ECF p. 2.) However, Plaintiff's attorney informed him that instead of transporting the property to Leavenworth, the Marshal(s) transporting him "threw the plaintiff's property away." (*Id.* at CM/ECF p. 3.)

Plaintiff alleges that he was not given a "choice" to either have the property thrown away or send it home. (*Id.*) Such actions allegedly violated Plaintiff's "constitutional rights." (*Id.*) Plaintiff seeks "an order declaring that the plaintiff's constitutional rights were violated" and seeks $1,025,000 in damages.

## B. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### C. **Discussion of Claims**

"Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued . . . . This consent must be unequivocally expressed in statutory text . . . and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." *Miller v. Tony and Susan Alamo Found.*, 134 F.3d 910, 915 (8th Cir. 1998). It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Further, "sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475, *citing United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

Although the United States has consented to suit under the Federal Tort Claims Act ("FTCA"), the FTCA does not provide a jurisdictional basis for Plaintiff here. Under the FTCA, the United States has waived its sovereign immunity for damages claims regarding "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

However, before a plaintiff may bring an action under the FTCA, he must first comply with the administrative claim requirement, which is a prerequisite to filing a claim under the FTCA. As set forth in 18 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States
> for money damages for injury or loss of property or personal injury or

>death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have **first** presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

*Id.* (emphasis added.).

Here, Plaintiff seeks damages because Defendants destroyed his property. Defendants are a United States agency and its employee. All alleged acts took place within the scope of employment, while transporting a federal prisoner. Plaintiff's claims are therefore claims for "loss of property" to which the FTCA applies, and are not constitutional violations. Even with the most liberal construction, Plaintiff does not allege that he complied with the administrative requirements of the FTCA prior to filing this action. Thus, the court lacks subject matter jurisdiction over Plaintiff's claims, and the Complaint must be dismissed. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion after compliance with the FTCA administrative procedure.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion after compliance with the FTCA administrative procedure.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. Plaintiff remains responsible for the entire filing fee in this matter.

March 6, 2008.	BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge